THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HENRY LAGMAY, #A0191119, | ) | CIV. NO. 16-00408 DKW/KJM |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | WITH  LEAVE TO AMEND |
| vs. | ) | |
| | ) | |
| MRS. SHELLEY NOBRIGA, et al., | ) | |
| | ) | |
| Defendants, | ) | |
| _____ | ) | |

## **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Before the Court is pro se Plaintiff Henry Lagmay's Complaint, supplement

to Complaint ("Supplement") (collectively, "Pleadings"),[1] and exhibits.  *See* Doc.

Nos. 1; 6; 7.  Lagmay is incarcerated at the Hawaii Department of Public Safety's

("DPS") Halawa Correctional Facility ("HCF").  He is proceeding in forma

pauperis ("IFP").  *See* Doc. No. 5.

Lagmay names seventy-three DPS, HCF, or Office of the Ombudsman

employees in their individual capacities as defendants (collectively,

---

[1] Lagmay filed the Pleadings separately, one month apart.  Docs. 1, 6.

"Defendants").[2] He seeks relief under 42 U.S.C. §§ 1983 and 1985. *See* Compl., Doc. Nos. 1, 1-2, PageID #1-43.

Lagmay's Pleadings are DISMISSED for failure to comply with the Federal Rules of Civil Procedure and Local Rules for the District of Hawaii. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Lagmay may amend his Pleadings to clarify his claims and allegations as discussed and limited below, on or before October 28, 2016.

## I. <u>THE PLEADINGS</u>

### A. Form of the Documents

Lagmay filed two initiating documents, the Complaint (filed July 25, 2016), and the Supplement (filed August 24, 2016). The court has reviewed these documents and liberally construes them as Lagmay's complete Pleadings for purposes of this Order. The Pleadings and exhibits constitute nearly 250 pages. They are exceedingly difficult to comprehend due to their length and form. For example, they are randomly bisected with lines. The handwritten text, although

---

[2]Lagmay names (in alphabetical order): Aceedello; Agaran, Tina; Ahn, Jan; Akau; Alameida; Alsted; Antonio, L.; Arcalas; Asunscion; Borges, Dovie; Botelho; Brown; Burkey; Castagan; Christensen, Levy; Coifin; Dacoscos, T.; Dreg, Kimo; Espinda, Nolan; Flores; Fonoti; Frauens; Gansin, L.; Gernler; Gribin, M.; Guitguitin; Holly LNU; Jinbo; Jones, Robert; Kaiser; Kami; Kaninau; Keopuhiva; Kowelski; Kuamoo; Lee; Leilani LNU; Leong, Collette; Libio; Lisa-Theresa LNU; Liu, T.; Lorico; Lum; Magalanes; Mahina LNU; Mareco; Muli; Naeole; Nobriga, Shelly; Olomua; Olomua, P.; Palafox, Janis; Palau; Paleka, Dallen; Rodrigues; Rogish; Santiago, D.; Sarkissian, Kaipo; Sequeira, Francis; Sharla LNU; Shook; Silva, T.; Smith; Stampfle, D.; Tafiti; Tanya LNU; Tom, J.; Tuitama; Uehara, Nolan; Val LNU; Vaovasa; Yuen, Charlotte.

neat, is minuscule and at times indecipherable.  Four and five lines of tiny script are squeezed into each standard-sized line.  The margins are reduced, often contain writing, or are blacked out.  The counts are unnumbered and Lagmay makes no distinction between counts or claims and the legal arguments meant to support such claims.  Statements of fact are randomly and repeatedly scattered throughout the Pleadings, with unexplained references to unattached and unlabeled exhibits.  The Pleadings are replete with citation to case law, statutes, and keynotes, without explanation or application of these citations to any statements of fact.

Lagmay groups his claims in an unexplained system.  *See* Compl., Doc. No. 1, PageID #46 (numbered "5," labeled "BEFORE"); PageID #47-52 (numbered "6, 6A-E");  #53-67 (numbered "7, 7A-N"); Supp., Doc. No. 6 (each page states "PaGe 1513," but are labeled "A" through "T").  For clarity, however, the court refers to the electronic pagination of all documents in the record.

There more than one hundred pages of exhibits.  Some are randomly inserted within the Pleadings, some are labeled as requests, although most were filed with the Supplement.  These exhibits contain original documents (that are not on eight and one half by eleven inch paper as required by Local Rule LR10.2).  He has also filed unverified photographs, statutory text, letters, and grievances.

**B.     Claims**

Lagmay broadly and indiscriminately alleges that all Defendants conspired to violate his rights under the First, Fourth, Eighth and Fourteenth Amendments in retaliation for his filing grievances and commencing litigation.  The Pleadings are voluminous, excessively detailed, rambling, repetitive,  and conclusory.  It is largely unclear to whom or what Lagmay refers in any statement, despite his meticulous repetition of Defendants, constitutional provisions, and statutes on any given page.  Lagmay generally provides few facts to support his claims, but instead simply refers to his Exhibits.  He also, however, repeatedly asserts certain facts. There is no clear chronology of events.

Lagmay says that he is cuffed behind his back during cell movements, possibly because he is in a special holding unit.  Because he alleges he was injured at a Mainland prison in 2008,[3] he alleges this causes him pain, and has or will re-injure him and cause disfigurement without surgery.  Lagmay alleges all Defendants are liable for his claims because he has filed numerous grievances and medical requests to prison officials regarding his past injuries, the prison's handcuffing policy, his pain, and need for medical treatment.

---

[3]Lagmay complains of injuries to his right foot, ribs, wrists, elbows, and biceps, and discusses prosthetics, cortisone, and treatments he has received or wants to receive.

4

Lagmay's first nine Counts cite statutes, constitutional amendments, case law, legal concepts, and terms of art such as retaliation, illegal search and seizure, inadequate medical care, conspiracy, freedom of speech, deliberate indifference, exhaustion, PLRA, excessive force, verbal abuse, and threats to safety. *See* Compl., Doc. No. 1, PageID #46-54. Lagmay refers repeatedly to his Exhibits.[4] However, although Lagmay repeatedly lists the Defendants he alleges were involved in these violations, he sets forth insufficient facts linking any Defendant to any action.

Lagmay's remaining Counts are equally unclear, although he provides more statements of fact. *Id.*, PageID #55-67. Unfortunately, these pages are much more difficult to read, as described above, making it nearly impossible to decipher Lagmay's claims. Lagmay alleges his personal property was confiscated and never returned. *Id.*, PageID #55. He refers to incidents during the past year when he was cuffed behind his back. He repeatedly refers to an incident on May 25, 2016, involving Defendants Kaipo Sarkissian, Levy Christensen, and Naoele.[5] *See id.*,

---

[4]It is unclear whether Lagmay refers to the Exhibits filed with his Supplement, or other, unidentified exhibits. *See* Doc. No. 7.

[5]Over several pages, Lagmay says Sarkissian, Levy Christensen, and Naoele cuffed him from behind during a transfer to a new cell on May 25, 2016, re-injuring his arm. He says they threw his legal papers to the floor and confiscated some of the paperwork. He appears to allege Sarkissian, Christensen, Naoele and others laughed at him and were allowed to be near him on June 21 and July 13, 2016.

PageId #59-62.  Lagmay claims that prison medical staff denied him medical care and that the Office of the Ombudsman has been unhelpful.  Lagmay therefore concludes that Defendants conspired and retaliated against him for filing grievances and pursuing litigation.  He seeks compensatory damages.

## II.  LEGAL STANDARD

The court must screen all prisoner civil actions brought in forma pauperis pursuant 28 U.S.C. § 1915(e)(2).  Complaints or claims must be dismissed if they are frivolous, malicious, fail to state a claim on which relief may be granted, or seek relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  A claim is plausible "when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Leave to amend should be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). When it is clear the complaint cannot be saved by amendment, dismissal without leave to amend is appropriate. *Sylvia Landfield Trust v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## III. DISCUSSION

Lagmay's Pleadings do not clearly express his claims and do not shed light on the facts underlying his claims. The federal rules contemplate brevity. *See Galbraith v. Cty. of Santa Clara*, 307 F.3d 119, 1125 (9th Cir. 2002) (noting "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"). A pleading need only "contain . . . a short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). Directness and clarity are mandatory. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct."). A cognizable complaint "must give fair notice" of the alleged wrong

7

"and state the elements of the claim plainly and succinctly." *Pickard v. WMC Mortgage Corp.*, 2009 WL 3416134, *3 (E.D. Cal. Oct. 21, 2009) (citing *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984)).  That is, a court and the defendants should be able to read and understand a complaint within minutes. *See McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (comparing a sample form complaint, that "can be read in seconds and answered in minutes," with plaintiff's "argumentative, prolix" complaint).

The court may therefore dismiss a pleading "not only for saying too little, but also for saying too much — though what is objectionable in excessively wordy material is not the length or wordiness itself, but the resulting lack of clarity." *Baker v. Clerk*, 2016 WL 4677459, at *1-2 (N.D. Cal. Sept. 7, 2016) (citing *McHenry*, 84 F.3d at 1177-78) (affirming dismissal of a § 1983 complaint for violating Rule 8, after warning); *see also Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131-32 (9th Cir. 2008) (reiterating that pleading's "verbosity and length" does not mandate dismissal; dismissal is only  appropriate when a pleading's verbosity confuses issues and renders it fatally unclear).  "Something labeled a complaint but written . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs,

fails to perform the essential functions of a complaint." *McHenry*, 84 F.3d at 1179. Lagmay's Pleadings do not comply with Rule 8's simple directives.

Moreover, the District of Hawaii's Local Rules require all documents presented for filing to be on paper that is "eight and one half inches by eleven inches in size, with one inch margins." LR10.2(a). All papers must be "clearly legible," written on one side of each page only, and if "handwritten, all matters must be legible . . . [and] shall be double-spaced" (except for identification of the parties, case title, footnotes, quotations, and exhibits). *Id.* "If the court determines that a matter does not comply with this rule, the matter may be stricken by motion or sua sponte." *Id.*

Lagmay's long, illegible, rambling, repetitive pleading cannot go forward as written. The court cannot adequately review it as required under § 1915(e), and therefore, it cannot be served on any Defendant. Lagmay's Pleadings, Doc. Nos. 1 and 5, are DISMISSED without prejudice. Lagmay may file an amended Complaint as directed and limited below.

## IV. <u>LEAVE TO AMEND</u>

Lagmay's Complaint and Supplement, Doc. Nos. 1 and 5, are DISMISSED with leave to amend. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1). He may file an amended complaint on or before October 28, 2016

that cures the deficiencies noted in this Order and heeds the Court's directions. Lagmay must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii if he elects to amend his pleading.

Lagmay must be careful in restating his complaint. He must write concisely and to the point. Yet he must state facts sufficient to establish all the required elements of a given claim. Lagmay should state the facts underlying his claims once and should not repeat them. He must set forth **what** happened, when it happened, **how** that incident caused him injury, that is, violated his constitutional rights, and detail **each individual Defendant's** personal involvement in his claim. The Court stresses that any amended complaint must be short and plain and comply with Rule 8 of the Federal Rules of Civil Procedure.

Specifically:

(1)  Lagmay shall submit an amended complaint on court approved forms on or before October 28, 2016.

(2)  The Amended Complaint's **statement of facts**, labeled "Cause of Action," on the court's form, shall not exceed **twenty-five [25]** pages in length. *See* LR7.5.

(3)  Each "Cause of Action" or "Count" shall be consecutively numbered. Lagmay may attach additional pages to a Count, but he should use **lined, notebook-type paper** and each attached page must comply with these directions.

10

(4) The Amended Complaint must be **clearly legible**, on eight and one half inch by eleven inch paper, with one inch borders.  LR10.2.  Each line must be adequately spaced and may contain only one line of script.

(5) Lagmay shall NOT cite case law in support of his claims.

An amended complaint generally supersedes the original complaint.  *See Ramirez v. Cty. of San Bernadino*, 806 F.3d 102, 1008 (9th Cir. 2015).  The Court will not refer to the original pleading to make an amended complaint complete, although it will not ignore contradictory statements of fact between an original and amended complaint.  Local Rule 10.3 requires that an amended complaint be complete in itself without reference to any prior pleading.  Defendants not renamed and claims that are not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012).  Each claim and the involvement of each Defendant must be sufficiently alleged.

## V.  <u>NOTICES</u>

To enable Lagmay to successfully amend his Pleadings, the Court sets forth the following legal standards.  These standards are a guideline; Lagmay NEED NOT REPEAT them, or any statement of the law, in the Amended Complaint.

**A.      42 U.S.C. § 1983:  Linkage and Causation**

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law.  *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009); *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006)).  "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nev. Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted).  To state a claim, a plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights.  *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

A plaintiff's allegations must demonstrate that each defendant personally participated in the deprivation of his rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  This requires factual allegations sufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting

this plausibility standard.  *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. **B:  42**

**U.S.C. § 1985:  Conspiracy**

To state a conspiracy claim under 42 U.S.C. § 1985(2), a plaintiff must plead

that "two or more persons conspire[d] for the purpose of impeding, hindering,

obstructing, or defeating . . . the due course of justice in any State or Territory,

with intent to deny to any citizen the equal protection of the laws . . . ."  42 U.S.C.

§ 1985(2).  Section 1985 requires "an allegation of class-based animus for the

statement of a claim" under its second clause.  *Portman v. Cty. of Santa Clara*, 995

F.2d 898, 908-09 (9th Cir. 1993) (internal quotations omitted).  Moreover, a viable

§ 1985 claim cannot exist without a cognizable § 1983 claim.  *See Caldeira v.

County of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989) ("[T]he absence of a section

1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on

the same allegations.").

**C.     Eighth Amendment**

The unnecessary and wanton infliction of pain constitutes cruel and unusual

punishment prohibited by the Eighth Amendment.  *Whitley v. Albers*, 475 U.S.

312, 319 (1986); *Ingraham v. Wright*, 430 U.S. 651, 670 (1977); *Estelle v. Gamble*,

429 U.S. 97, 105-06 (1976).  To prevail on a cruel and unusual punishment claim,

a prisoner must prove that objectively he suffered a sufficiently serious deprivation

and that subjectively prison officials acted with deliberate indifference in allowing

or causing the deprivation to occur.  *See Farmer v. Brennan*, 511 U.S. 825, 834

(1994); *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991).

To adequately state an Eighth Amendment claim based on inadequate

medical care, a plaintiff must allege facts showing defendants acted with deliberate

indifference to his serious medical needs.  *See Estelle*, 429 U.S. 97.  A deliberate

indifference claim for inadequate medical care has two components:

> First, the plaintiff must show a "serious medical need" by
> demonstrating that "failure to treat a prisoner's condition could result
> in further significant injury or the 'unnecessary and wanton infliction
> of pain.'"  Second, the plaintiff must show the defendant's response to
> the need was deliberately indifferent.  This second prong –
> defendant's response to the need was deliberately indifferent – is
> satisfied by showing (a) a purposeful act or failure to respond to a
> prisoner's pain or possible medical need and (b) harm caused by the
> indifference.  Indifference "may appear when prison officials deny,
> delay or intentionally interfere with medical treatment, or it may be
> shown by the way in which prison physicians provide medical care."
> (internal citations omitted).

*Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

"Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support

this cause of action."  *Broughton v. Cutter Lab.*, 622 F.2d 458, 460 (9th Cir. 1980)

(citing *Estelle,* 429 U.S. at 105-06).  Nor do differences of opinion between a

prisoner and prison medical staff regarding the proper course of treatment give rise

14

to a § 1983 claim.  *See Snow v. McDaniel*, 681 F.3d 978, 988 (9th Cir. 2012);

*Toguchi v. Soon Hwang Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004).

To establish a deliberate indifference claim arising from a delay in providing

medical care, a plaintiff must allege facts showing that the delay was harmful.  *See*

*Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir. 1994); *Hunt v. Dental Dep't*, 865

F.2d 198, 200 (9th Cir. 1989); *Shapley v. Nevada Bd. of State Prison Comm'rs*,

766 F.2d 404, 407 (9th Cir. 1985).  "A prisoner need not show his harm was

substantial; however, such would provide additional support for the inmate's claim

that the defendant was deliberately indifferent to his needs."  *Jett*, 439 F.3d at

1096.

## D.     First Amendment:  Retaliation

"Prisoners have a First Amendment right to file grievances against prison

officials and to be free from retaliation for doing so."  *Watison v. Carter*, 668 F.3d

1108, 1114 (9th Cir. 2012) (citing *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir.

2009)).

> Within the prison context, a viable claim of First Amendment
> retaliation entails five basic elements: (1) An assertion that a state
> actor took some adverse action against an inmate (2) because of (3)
> that prisoner's protected conduct, and that such action (4) chilled the
> inmate's exercise of his First Amendment rights, and (5) the action
> did not reasonably advance a legitimate correctional goal.

*Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Watison v.*

*Carter*, 668 F.3d at 1114-15; *Silva v. Di Vittorio*, 658 F.3d 1090, 1104 (9th Cir.

2011); *Brodheim v. Cry*, 584 F.3d at 1269.

## E.      Fourteenth Amendment: Due Process

"The Fourteenth Amendment's Due Process Clause protects persons against

deprivations of life, liberty, or property; and those who seek to invoke its

procedural protection must establish that one of these interests is at stake."

*Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005).  Inmates have no

protected liberty interest in the processing of grievances and cannot pursue a claim

for denial of due process with respect to the handling or resolution of such

grievances or appeals.  *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003)

(citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)).

Further, the "unauthorized intentional deprivation of property by a state

employee does not constitute a violation of the procedural requirements of the Due

Process Clause of the Fourteenth Amendment if a meaningful postdeprivation

remedy for the loss is available."  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

Hawaii's civil tort claim process provides an adequate post-deprivation remedy.

*See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) ("[A]

16

negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy.").

## F.    Exhibits

The Court is not a repository for the parties' evidence.  Originals, or copies of evidence (*e.g.*, prison or medical records, witness affidavits, etc.) should not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court).  If Lagmay attaches exhibits to his Amended Complaint, or refers to exhibits already in the record, each exhibit must be specifically labeled and referenced.  Fed. R. Civ. P. 10(c).

At this point, the submission of evidence is premature; Lagmay is only required to state a prima facie claim for relief at this stage.  For screening purposes, the Court must assume that Lagmay's factual allegations are true.  It is therefore unnecessary to submit exhibits in support of the Amended Complaint's allegations. Lagmay should simply state the facts upon which he alleges a Defendant has violated his constitutional rights and refrain from submitting exhibits.

## VI.   <u>CONCLUSION</u>

(1)  The original Complaint and Supplement, Doc. Nos. 1 and 6, are DISMISSED without prejudice.

(2) Lagmay may file an Amended Complaint curing the deficiencies in his claims on or before October 28, 2016.

(3) Failure to timely file an Amended Complaint that cures the pleading deficiencies noted in this Order will result in dismissal of this action.

(4)  The Clerk is DIRECTED to mail Lagmay a prisoner civil rights complaint form to assist him in complying with the directions in this Order.

(5) Any pending motions are DENIED without prejudice to refiling after an Amended Complaint has been filed, screened, and served.

IT IS SO ORDERED.

DATED: September 16, 2016 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Henry Lagmay v. Mrs. Shelley Nobriga, et al.*; Civil No. 16-00408 DKW-KJM;
**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

*Lagmay v. Nobriga, et al.*,1:16-00408  DKW/KJM; scrng 2016 Lagmay 16-408 dkw #3 (R8 LR10)