IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HENRY LAGMAY, #AO191119, | CIV. NO. 16-00408 DKW-KJM |
| Plaintiff, | ORDER DENYING APPEAL OF MAGISTRATE JUDGE'S ORDERS |
| vs. | |
| SHELLY NOBRIGA, et al., | |
| Defendants. | |

Before the court are Plaintiff's Objections to Magistrate Judge Kenneth J. Mansfield's Orders denying Plaintiff's proposed amended complaint, ECF No. 85, and vacating all hearing dates and deadlines, ECF No. 88, after this action was closed. Plaintiff gives no bases for his objections, beyond his statement that they "Precedes 'Notice of Appeal By- Right.'" Objections, ECF No. 89. The court treats Plaintiff's Objections as an appeal from the Magistrate Judge's nondispositive Orders.

## I. BACKGROUND

Plaintiff commenced this action on July 25, 2016. *See* Compl., ECF No. 1.

On September 16, 2016, the court screened Plaintiff's Complaint and dismissed it with leave to amend for its failure to state a claim. Order, ECF No. 9.

On December 22, 2016, Plaintiff submitted the First Amended Complaint ("FAC"). ECF No. 18. The court determined that the FAC stated claims against Defendants Kaipo Sarkissian and Levy Christensen only, for the use of excessive force and retaliation; all other claims against all other Defendants were dismissed with leave to amend for failure to state a claim. *See* February 9, 2017 Order, ECF No. 20.

After numerous objections, peripheral motions, interlocutory appeals, and delays by Plaintiff in serving the FAC, Sarkissian and Christensen were finally served on or about September 29 and filed their Answer on November 28, 2017.

On January 29, 2018, Magistrate Judge Mansfield issued a Rule 16 Scheduling Order, which set the deadline for motions to join parties or amend the pleadings as July 31, 2018. ECF No. 63.

On June 1, 2018, Defendants filed a Motion for Summary Judgment for Plaintiff's alleged failure to exhaust prison administrative remedies prior to bringing suit. ECF No. 74.

On July 10, 2018, Plaintiff filed an Opposition to the Motion for Summary Judgment. ECF No. 79.

On July 31, 2018, Defendants filed their Reply to Plaintiff's Opposition. ECF No. 80.

On July 30, 2018, Plaintiff signed a request to file a Motion to Join Additional Parties and to Amend Pleadings; its mailing envelope shows that it was received by prison officials on July 31, 2018. *See* ECF Nos. 81, 81-1. The court received and docketed the Motion on August 7, 2018. Defendants opposed the Motion. ECF No. 82.

On August 14, 2018, Magistrate Judge Mansfield denied Plaintiff's request for an extension of time to file a Motion to Join Additional Parties and to Amend Pleadings. August 14, 2018 Order, ECF No. 83. Magistrate Judge Mansfield held that Plaintiff failed to show good cause or diligence for the requested extension of time and failed to explain *who* he sought to add as additional parties and *what* specific amendments to the FAC he sought. *Id.*

On August 27, 2018, Plaintiff submitted a 110-page proposed amended complaint, labeled "Fed. R. Civ. P. 10.(c) Enforced Thoroughly Through-Out Above – 111 Mentioned Pages As Published." ECF No. 84. The proposed pleading renamed all of the Defendants and realleged all of the claims that were dismissed in the February 9, 2017 Order, and, although this is not clear, named new Defendants. It appears that Plaintiff mailed the proposed amended complaint to the court before he received the August 14, 2018 Order.

On August 30, 2018, Magistrate Judge Mansfield issued a second order that explained that Plaintiff's request for an extension of time to file an amended pleading and naming new parties had been denied on August 14, 2018, and the court would not now consider the proposed amended pleading. *See* Entering Order, ECF No. 85. Magistrate Judge Mansfield also explained that, if Plaintiff intended the document as some other type of motion, it was denied for the reasons set forth in the August 14, 2018 Order.

On August 31, 2018, this court granted Defendants Sarkissian and Christensen's Motion for Summary Judgment for Plaintiff's failure to exhaust available prison administrative remedies before he brought this action. Order, ECF No. 86. All pending motions were terminated and Judgment was entered that day. *See id.*; and ECF No. 87.

On September 4, 2018, Magistrate Judge Mansfield vacated all hearing dates and deadlines. ECF No. 88.

As noted, Plaintiff objects to the August 30 and September 4, 2018 Orders.

## II. ANALYSIS

Pursuant to 28 U.S.C. § 636(b)(1), Rule 72(a) of the Federal Rules of Civil Procedure, and Local Rule 74.1, any party may appeal to the district court any pretrial nondispositive matter determined by a Magistrate Judge. Such an order

may be reversed by the district court judge only when it is "clearly erroneous or contrary to law." *Bhan v. NME Hosp., Inc.*, 929 F.2d 1404, 1414-15 (9th Cir. 1991). An appeal of a magistrate judge's nondispositive order must be served and filed within 14 days after being served with a copy of the order. Fed. R. Civ. P. 72(a). The threshold of the "clearly erroneous" test is high. *See Boskoff v. Yano*, 217 F. Supp. 2d 1077, 1083 (D. Haw. 2001) ("Under the 'clearly erroneous' standard, the lower court's ruling must be accepted unless, after reviewing the entire record, this Court is left with the definite and firm conviction that a mistake has been committed." (quotations and citations omitted)); *Thorp v. Kepoo*, 100 F. Supp. 2d 1258, 1260 (D. Haw. 2000) (the clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed"); *accord United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."); *Burdick v. Comm'r Internal Revenue Serv.*, 979 F.2d 1369, 1370 (9th Cir. 1992) ("A finding of fact is clearly erroneous if we have a definite and firm conviction that a mistake has been committed.").

First, to the extent Plaintiff is objecting to Magistrate Judge Mansfield's August 14, 2018 Order denying his motion for an extension of time to join parties and amend pleadings, his objections are untimely. *See* Fed. R. Civ. P. 72(a). Plaintiff does not explain when he received the August 14, 2018 Order or why it took him more than one month to object to it, when he was able to timely object to orders issued later in time. And, although Plaintiff only objects to the August 30 and September 4, 2018 Orders, apparently to avoid the time bar presented under Fed. R. Civ. P. 72(a), the substance of his objections are clearly directed to the August 14, 2018 Order's denial of his motion to extend time.

Second, the court discerns nothing that is clearly erroneous or contrary to law within the August 14 and 30, or September 4, 2018 Orders, and Plaintiff directs the court to nothing. The record clearly supports Magistrate Judge Mansfield's August 14, 2018 Order finding that Plaintiff was not diligent in requesting an extension of time to file his Motion to Add Parties and Amend the pleadings, and failed to provide any bases to favorably rule on the Motion. Plaintiff's claim that he was unable to timely file a motion to amend the pleadings and add parties by July 31, 2018, because he was also ordered to submit an appellate brief the same day is unpersuasive. Plaintiff knew of the deadline to file

the appellate brief in App. No. 18-15746 since June 26, 2018,[1] and he knew the district court deadline to move to amend the pleadings and add parties since January 29, 2018. Plaintiff *still* does not adequately explain why he was unable to file a motion in the district court or request an extension to do so *before* the deadline expired.

When Plaintiff finally submitted the proposed amended pleading, more than two weeks after he had requested an extension of time, it became abundantly clear that allowing Plaintiff to file the proposed amended complaint was futile. The proposed amended pleading cured none of the deficiencies in Plaintiff's original Complaint and FAC, and allowing it to be filed would have needlessly delayed the action. This is particularly clear in light of this court's decision that Plaintiff failed to exhaust his claims before commencing this action. "A district court does not abuse its discretion in denying leave to amend where amendment would be futile." *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002)).

Finally, Plaintiff's objections to Magistrate Judge Mansfield's September 4, 2018 Order vacating deadlines and hearings based on this court's explicit order

---

[1] On June 26, 2018, the Ninth Circuit Court of Appeals informed Plaintiff that it appeared his appeal in No. 18-15746 was frivolous, and directed him to either dismiss the appeal or file a statement explaining why it was not frivolous within 35 days. On August 6, 2018, Plaintiff filed a statement that the appeal should go forward, and the appeal is pending.

denying all pending motions and directing the Clerk to terminate the action is frivolous.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's Objections to Magistrate Judge Kenneth J. Mansfield's Orders denying Plaintiff's proposed amended complaint, ECF No. 85, and vacating all hearing dates and deadlines, ECF No. 88, after this action was closed are DENIED.

IT IS SO ORDERED.

DATED: September 20, 2018 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Henry Lagmay v. Shelly Nobriga, et al.*, Civil No. 16-00408 DKW-KJM; **ORDER DENYING APPEAL OF MAGISTRATE JUDGE'S ORDERS**

*Lagmay v. Nobriga,* 1:16-cv-00408; Recon'18 (appeal KJM ords after case closed